IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-677-BO-KS

| | |
|---|---|
| ZHONGXIAO MICHAEL CHEN, PH.D., <br><br> Plaintiff, <br><br> v. <br><br> JERRY BARON, PH.D., individually and in his official capacities as IR-4 Executive Director and as a NCSU employee; DEBORAH CARPENTER, PH.D., individually and in her official capacities as IR-4 Associate Director and a NCSU employee; JOHN WISE, PH.D., individually and in his official capacities as IR-4 Board Chair, IR-4 North Central Region Director, a MSU employee, and an agent of NCSU; STEVEN LOMMEL, PH.D., individually and in his official capacities as the IR-4 Headquarters Administrative Advisor and a NCSU employee; DOUGLAS BUHLER, PH.D., individually and in his official capacities as the IR-4 North Central Regional Administrative Advisor, a MSU employee, and an agent of NCSU; and DEFENDANT DOES 6 THROUGH 100, <br><br> Defendants. | ORDER |

This cause comes before the Court on defendants' motions to dismiss. [DE 28]; [DE 30]. Plaintiff has filed a motion seeking entry of a Fed. R. Civ. P. 16 scheduling order [DE 41] and a motion for leave to file a notice of related case status. [DE 50]. Finally, defendant Buhler has filed a motion to strike plaintiff's impermissible reply in support of his motion for entry of a Rule 16 scheduling order. [DE 48]. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing on the motions was held before the undersigned on April 21, 2026, at Raleigh, North Carolina. In this posture, all motions are ripe for disposition. For the

reasons that follow, defendants' motions to dismiss are granted and all remaining motions are denied as moot.

## BACKGROUND

IR-4 is a publicly and privately funded organization which studies pesticide safety and submits its findings to the EPA on behalf of pesticide registrants. [DE 11] ¶¶ 2, 4; 46. It is currently headquartered at North Carolina State University (NCSU) in Raleigh, North Carolina. *Id.* ¶ 33. Based on IR-4's current financing model, NCSU holds an "Umbrella Grant" which provides funding for IR-4 host institutions to pay for the costs of running IR-4 projects, including salaries for staff working at the other host institutions. *Id.* ¶¶ 36-37; 41. Michigan State University (MSU) is an IR-4 host site, and funds for its IR-4 work, including plaintiff's salary, were provided under the Umbrella Grant beginning in 2021. *Id.* ¶¶ 39-40.

IR-4's work is subject to regulatory requirements under the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) and the Federal Food, Drug, and Cosmetic Act (FFDCA). *Id.* ¶¶ 46, 48-52. Plaintiff was employed at the MSU IR-4 site as the quality assurance director of the IR-4 North Central Region. [DE 11] ¶¶ 1-2. Plaintiff alleges that he identified and reported serious compliance issues at the North Central Region (NCR) lab and that, in retaliation for his reporting, defendants ceased funding for plaintiff's position, effectively terminating his employment, closed the NCR lab, and destroyed any incriminating evidence. *Id.* ¶¶ 5-6. Specifically, in November 2021, defendant Baron announced by letter that funding for plaintiff's position would cease in November 2022. *Id.* ¶ 143. Despite being qualified, plaintiff was considered ineligible for other IR-4 positions due to a poor performance review he received on May 6, 2021, which he contends was baseless; the May 2021 poor performance rating was his first such rating in more than twenty years at MSU. *Id.* ¶¶ 129, 146-47, 160. Plaintiff's last day at IR-4 NCR was November 18, 2022.

Plaintiff was two and a half years away from being eligible for retirement when his employment ended. *Id.* ¶ 151.

Plaintiff initiated this action by filing a complaint on December 23, 2025. [DE 1]; *see also* [DE 11]. He brings the following claims for relief: violation of his First Amendment right to freedom of speech and violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983 and civil conspiracy in violation of 42 U.S.C. § 1985. In March 2024, plaintiff initiated an action in the United States District Court for the Western District of Michigan against MSU in which he alleged claims under Title VII and the Age Discrimination in Employment Act. *See* [DE 28-1] (the Michigan action). Plaintiff's claims in the Michigan action were based on the termination of his employment with IR-4 in November 2022. The Michigan court dismissed plaintiff's complaint by order entered November 20, 2024. *Id.* That decision was affirmed by the United States Court of Appeals for the Sixth Circuit and plaintiff's petition for certiorari has been denied. *Chen v. Michigan State Univ.*, No. 24-2076, 2025 WL 2336993 (6th Cir. Aug. 13, 2025), *cert. denied,* 146 S. Ct. 1526 (2026).

On November 17, 2025, plaintiff also initiated an action against the defendants named herein and others in the Superior Court for Wake County, North Carolina. [DE 28-3]. There, he alleged claims under North Carolina state law arising from the termination of his employment with IR-4. *Id.* The Wake County Superior Court granted Douglas Buhler's and MSU's motion to dismiss plaintiff's complaint on June 19, 2026, finding that plaintiff's claims against Dr. Buhler and MSU are barred, in whole or in part, by the doctrines of res judicata, sovereign immunity, the applicable statutes of limitations, a lack of personal jurisdiction, and for failure to state a claim. [DE 55]; [DE 55-1]. Plaintiff did not appeal. [DE 55]. Plaintiff also instituted an action against NCSU in the North Carolina Industrial Commission in October 2025. [DE 28-4].

## DISCUSSION

Defendant Buhler and defendants Baron, Carpenter, Limmel, and Wise have filed two motions to dismiss the complaint for lack of subject matter or personal jurisdiction and for failure to state a claim upon which relief can be granted. Because the motions raise the same or substantially similar arguments, the Court considers them together.

A. *Legal Standards*

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647. Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a

claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When considering a 12(b)(6) motion, a court may consider "documents that are explicitly incorporated into the complaint by reference, . . . those attached to the complaint as exhibits, [and] a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (internal citations omitted).

B. *Analysis*

All defendants argue that plaintiff's claims are untimely.[1] The Court agrees. While neither 42 U.S.C. § 1983 nor § 1985 contains a statute of limitations, courts apply the analogous state law personal injury statute of limitations to such claims, and as defendants have argued, the applicable

---

[1] Courts are permitted to apply the affirmative defense of a statute of limitations at the motion to dismiss stage where it is apparent from the face of the complaint and where "'the plaintiff's potential rejoinder to the defense is foreclosed by the allegations in the complaint.'" *In re Gardasil Prods. Liab. Litig.*, 743 F. Supp. 3d 726, 736 (W.D.N.C. 2024) (alteration omitted) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007)).

statute of limitations for each of plaintiff's claims is three years. *See Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014) (limitations period for § 1983 claim is borrowed from state personal injury limitations period); *McHam v. N. Carolina Mut. Life Ins. Co.*, No. 105CV01168, 2007 WL 1695914, at *2 (M.D.N.C. June 11, 2007) (state personal injury limitations period also applies to § 1985 claims); N.C. Gen. Stat. § 1-52(5). The date on which a claim accrues, however, is a matter of federal law. *McDonough v. Smith*, 588 U.S. 109, 115 (2019). The "standard rule" is that "a plaintiff's cause of action accrues, and the limitations period commences, when the plaintiff knows or has reason to know of his injury." *Owens*, 767 F.3d at 389.

In the employment context, courts have held that "[a] cause of action for wrongful termination or retaliation under § 1983 accrues at the moment the plaintiff learned of the employer's adverse employment decision." *Brown v. Gibson*, No. 4:17-CV-180-FL, 2019 U.S. Dist. LEXIS 222424, at *11 (E.D.N.C. July 1, 2019). And, "[a] civil rights claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (citation omitted).

In this case, the "basis of the action," *id.*, is the termination of plaintiff's employment at MSU. Plaintiff has alleged that he was notified in November 2021 that his employment would end in November 2022. Plaintiff further alleges that he was not given the opportunity to challenge the defunding of his position, *see* [DE 11] ¶ 191, and thus there was no further decision-making on the part of defendants regarding plaintiff's position. Because "the proper focus is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful[,]" *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (emphasis in original), plaintiff's claims accrued in November 2021 when he was notified that his employment would be ending. *See also Reid v. James Madison*

*Univ.*, 90 F.4th 311, 320-21 (4th Cir. 2024) (finding that § 1983 due process claim accrued when university "reached a final determination" in plaintiff's proceedings); *Smith v. Univ. of Maryland Baltimore*, 770 F. App'x 50 (4th Cir. 2019) ("a discriminatory discharge claim accrues when the employee receives notice of the termination, not on the last day of employment.").

Plaintiff argues that his claims are not time-barred because of the discovery rule; plaintiff contends that defendants deliberately misrepresented the reasons for his termination and that plaintiff only learned that he was terminated in retaliation for reporting IR-4 data quality issues when he reviewed documents he obtained through a Freedom of Information Act (FOIA) request. In support of his argument, plaintiff relies on, for example, his allegation that defendant Baron stated that the closing of the IR-4 NCR lab and defunding of plaintiff's position were due to a shrinking budget, but that IR-4's funding actually increased between 2021 and 2022, and that FOIA documents revealed that defendant Carpenter's plan was to create a false narrative regarding plaintiff which would support plaintiff being fired for cause. [DE 11] ¶¶ 149, 112.

Plaintiff contends that, under the discovery rule, "where a defendant's deceptive conduct may prevent a plaintiff from even *knowing* that he or she has been defrauded[,]" the statute of limitations is not triggered until the plaintiff could have discovered the fraud with the exercise of reasonable diligence. *Merck & Co. v. Reynolds*, 559 U.S. 633, 644-45 (2010) (emphasis in original). Plaintiff's argument is misplaced, however, because his allegations support that he knew that defendants were attempting to silence him and that continuing to speak out would lead to his termination well-before his receipt of his termination notice. *See, e.g.*, [DE 11] ¶¶ 64, 86.

Plaintiff next argues that his cause of action was incomplete until he was able to file suit and recover damages, or after his termination, citing *Green v. Brennan*, 578 U.S. 547, 554 (2016). But *Green* addressed the commencement of a statute of limitations in a constructive discharge

case, a circumstance not present here. *Id.* Plaintiff further argues that he could not have filed suit until he had non-speculative damages, which only occurred after he discovered that he would not have been rehired under any circumstances, citing *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 466 (2006). But the concurrence cited by plaintiff in *Anza* recites that the existence of damages must be certain before a tort plaintiff can file suit – not that the plaintiff must know the precise extent of his damages. *Id.* at 466-68.

In sum, plaintiff's claims accrued in November 2021 when he was notified that his position would end in November 2022. Plaintiff's claims in this case were filed beyond the applicable three-year statute of limitations, and the discovery rule does not apply to render his claims timely. Plaintiff's claims are, therefore, properly dismissed.

In the alternative, plaintiff's claims are barred by the doctrine of res judicata. "Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, (1981)).[2] "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* at 354–55. A defendant may raise the res judicata defense in a Rule 12(b)(6) motion, and "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact[.]" *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

[2] The Court applies federal preclusion law because the Michigan action was decided by the U.S. District Court and that court exercised its federal question jurisdiction. *See Foye v. Lassiter*, No. 7:24-CV-709-FL, 2025 U.S. Dist. LEXIS 1274, at *6 (E.D.N.C. Jan. 3, 2025); [DE 28-2].

Contrary to plaintiff's arguments in opposition, all three elements of res judicata are satisfied. First, the Michigan court's dismissal of plaintiff's complaint operates as a final decision on the merits. [DE 28-1] (dismissing plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6)); *see also* Fed. R. Civ. P. 41(b).

> The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment. Newly articulated claims based on the same transactional nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.

*Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (cleaned up, citations omitted); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013). Plaintiff's claims in this case and in the Michigan action arose out of his employment by IR-4 and the termination of that employment. Plaintiff argues that res judicata does not apply because of the fraud exception to the doctrine of res judicata, which provides that res judicata will not apply "where fraud, concealment, or misrepresentation have caused the plaintiff to fail to include a claim in a former action." *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986). However, "it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls." *Id.*

Plaintiff alleged in the Michigan action that there was a connection between the decision to cease funding of the IR-4 NCR and plaintiff's reports of compliance issues. For example, in the Michigan action plaintiff alleged that, through FOIA requests, he had learned that management had begun to meet secretly in an effort to find a reason to terminate his employment following his report of discrepancies during an audit of lab reports. [DE 28-2] ¶¶ 47-51. Accordingly, contrary to plaintiff's argument, he was aware of defendants' alleged efforts to terminate him for his quality

assurance reporting when he filed his complaint in the Michigan action. The fraud exception to res judicata therefore does not apply to this case.

Finally, the same parties or their privies are involved in both suits. In the Michigan action, plaintiff named only MSU as the defendant. "To be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005).

Plaintiff has alleged here that each defendant was employed by either MSU or NCSU as part of IR-4 and that he or she was at all times acting under color of law and within the scope of his or her employment. [DE 11] ¶¶ 13-21. Plaintiff has further alleged that IR-4 is a subunit of NCSU and that MSU is a performance site location or regional host institution for IR-4. *Id.* ¶¶ 23-26; 36-37. In other words, plaintiff's allegations support that MSU, NCSU, and IR-4 are interconnected, and that the individual defendants named herein share identical interest with MSU as an IR-4 host institution. *See United States ex rel. Nicholson v. Integra Lifesciences Corp.*, No. 1:16CV246, 2025 U.S. Dist. LEXIS 148940, at *29 (M.D.N.C. Aug. 4, 2025) (employer-employee relationship is sufficiently close to support a finding of privity). This is sufficient to establish privity for purposes of res judicata.

This circuit has also recognized two "practical considerations" that should be addressed when considering res judicata: "whether the party or its privy knew or should have known of its claims at the time of the first action" and "whether the court that ruled in the first suit was an effective forum to litigate the relevant claims." *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016) (citation omitted); *see also United States v. Oudeh*, No. 24-1574, 2025 WL 3459765, at *1 (4th Cir. Dec. 2, 2025). The Michigan district court was

plainly an effective forum in which plaintiff could have litigated his § 1983 and § 1985 claims. Moreover, as noted above, plaintiff's allegations in the Michigan action support that he was aware then that there was an alleged effort by defendants to silence him and terminate his employment.

The Court therefore determines in the alternative that res judicata bars plaintiff's claims. In light of the foregoing, the Court declines to consider defendants' remaining arguments in support of dismissal.[3] All other motions are denied without prejudice as moot.

CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [DE 28]; [DE 30] are GRANTED. Plaintiff's claims are hereby DISMISSED WITH PREJUDICE as time barred and, in the alternative, barred by res judicata. Plaintiff's motions to issue a Rule 16 scheduling order and to file a notice of related case status [DE 41]; [DE 50] and defendant Buhler's motion to strike plaintiff's impermissible reply [DE 48] are DENIED WITHOUT PREJUDICE as moot.

The Clerk is DIRECTED to enter judgment in favor of defendants and close this case.

SO ORDERED, this 19 day of August 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

[3] Accordingly, the Court does not reach defendants' jurisdictional arguments under Rules 12(b)(1) and 12(b)(2) that plaintiff's claims against them in their official capacities are barred by Eleventh Amendment and sovereign immunity.